United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 2, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-11249
Summary Calendar
_____

LILIA E. PETRENKO-GUNTER,

Plaintiff-Appellant,

v.

EVELYN UPCHURCH, Individually and in her official capacity
as Director of the Texas Service Center of the BCIS; ANGELA K.
BARROWS, Individually and in her official capacity as Director of
BCIS for the Dallas District; R LEE, Individually and in her
official capacity as Adjudications Officer of the BCIS for the
Dallas District; MICHAEL CHERTOFF, SECRETARY, in his official
capacity as Secretary of the Department of Homeland Security;
ALBERTO GONZALES, U.S. Attorney General,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(04-CV-2691)

_____

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lilia Petrenko-Gunter appeals the district court's

determination that it lacked jurisdiction to decide the merits of

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

her claim for injunctive and declaratory relief under the Administrative Procedure Act (APA).  We affirm.

After entering the United States in 2002 as the fiancé of a United States citizen who she subsequently married, Gunter filed an application to adjust her status to that of a legal resident. The immigration officer denied her application on February 24, 2004, for non-compliance with the statutory requirement of proof that she would not become a public charge.  Gunter sought declaratory and injunctive relief from the district court.  The district court dismissed her complaint on July 18, 2005, for lack of subject matter jurisdiction, and denied her motion for a new trial on September 12, 2005.  Gunter now appeals the district court's decision.  Our standard of review on appeal from dismissal for lack of subject matter jurisdiction is *de novo*. *See Gandy Nursery, Inc. v. States*, 318 F.3d 631, 636 (5th Cir. 2003).

Gunter argues that the immigration officer's decision denying her application of adjustment status was a final decision for which subject matter jurisdiction exists pursuant to the APA, 5 U.S.C. § 702–706.  Under this Court's precedent, a district court lacks jurisdiction to review an agency's non-final decisions.  *Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000)("As a matter of jurisdiction, courts may not review the administrative decisions of the INS unless the appellant has

2

first exhausted 'all administrative remedies.'")(citation omitted).  Because an individual denied an adjustment of status can renew that request for adjustment of status upon the commencement of removal proceedings, Gunter has not yet exhausted her administrative remedies.  *See* 8 C.F.R. § 245.2(a)(5)(ii)(1999).

Gunter attempts to distinguish her case from *Cardoso*, arguing that the earlier case was not decided under the APA.[1]  It is true that the plaintiff in *Cardoso* asserted jurisdiction under a different statute, but both statutes require final agency action as a prerequisite to judicial review.  The APA, like 8 U.S.C. § 1252(d), which we considered in *Cardoso*, makes it clear that only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."  5 U.S.C. § 704.  *Cardoso*, which held that denial of a request for adjustment of status is not a final agency action for which there are no other remedies, thus controls.  216 F.3d at 518.

Gunter also argues a due process violation based on the impact of the discretionary decision on her personal liberty.  However, failure to receive relief that is purely discretionary

---

[1]Gunter also argues that *Cardoso* conflicts with a Third Circuit case, *Pinho v. Gonzales*, 432 F.3d 193 (3rd Cir. 2005). *Pinho*, however, concerned a final determination of eligibility, as opposed to the sort of non-final discretionary decision that Gunter has the opportunity.

in nature does not amount to a deprivation of a liberty interest. *See Garcia-Mir v. Meese*, 788 F.2d 1446, 1452 (11th Cir. 1986).

For the foregoing reasons, we AFFIRM the district court's determination that it lacked jurisdiction.